IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT T. DAVIS, | ) | Case No.  1:19 CV 1527 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| DAVID GRAY, Warden, | ) | THOMAS M. PARKER |
| | ) | |
| Respondent. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |

## I.    Introduction

Robert T. Davis filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions and sentences in *State v. Davis,* Case No. CR 11-549754, *State v. Davis,* CR 13-578238, *State v. Davis,* CR 14-581884, *State v. Davis,* CR 14-588899 and *State v. Davis,* Case No. CR 14-589009 [1] ECF Doc. 1.  Respondent, David Gray, warden of the Belmont Correctional Institution, filed a motion to dismiss.  ECF Doc. 9. Davis was released on August 27, 2019 and is currently under APA supervision.[2]

Because Davis's claims are all barred by AEDPA's statute of limitation and/or have been procedurally defaulted, I recommend that his claims be DISMISSED and his petition for writ of habeas corpus be DENIED.

---

[1]  The matter is before the undersigned by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Davis's petition or other case-dispositive motions.
[2] https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A674617

## II.     Procedural History

### A.     State Convictions

#### 1.     Cases 11-549754, 13-578238 and 14-581883

On May 23, 2011, a Cuyahoga County grand jury returned an indictment in case number, CR 11-549754, charging Davis with one count of drug possession in violation of Ohio Rev. Code § 2925.11(A).  ECF Doc. 9-1 at 7.  Davis pleaded guilty as charged.  ECF Doc. 9-1 at 8. However, he failed to appear for his sentencing on July 8, 2011.  ECF Doc. 9-1 at 9.  On June 26, 2012, the trial court sentenced Davis to 24 months of community control and notified him that violating the terms and conditions could result in stricter sanctions or in a prison term of 12 months.  ECF Doc. 9-1 at 10.

On October 26, 2012, the trial court found that Davis violated his community control sanctions, continued his community control for an additional 50 hours of community work service, and warned him that the next violation would result in a sentence of 12 months in prison. ECF Doc. 9-1 at 11.  On February 26, 2013, the trial court again found that Davis had violated community control sanctions, continued his community control for another 50 hours of community service, and again warned that the next violation could result in 12 months in prison. ECF Doc. 9-1 at 12.

On September 25, 2013, a Cuyahoga County grand jury returned an indictment in case number, CR 13-578238, charging Davis with two counts of robbery in violation of Ohio Rev. Code § 2911.02(A)(2) and (3), and one count of theft in violation of Ohio Rev. Code § 2913.02(A)(1).  ECF Doc. 9-1 at 13.  The trial court also found Davis to have violated probation. ECF Doc 9-1 at 16.  Davis pleaded guilty to a lesser degree of robbery and theft (ECF Doc. 9-1

at 17), but again failed to appear for his sentencing hearing on January 24, 2014.  ECF Doc. 9-1 at 18.  The trial court again found Davis to have violated probation.  ECF Doc. 9-1 at 19.

On February 24, 2014, a Cuyahoga Grand Jury returned an indictment in case number, CR-14-581884-A, charging Davis with one count of drug possession in violation of Ohio Rev. Code § 2925.11(A).  ECF Doc. 9-1 at 20.  The trial court found that Davis had again violated his initial probation and his community control was extended to June 26, 2016, with another 50 hours of community work service.  The trial court warned Davis again that his next violation would result in 12 months in prison.  ECF Doc. 9-1 at 21.

On March 19, 2014¸ in case number CR 13-578238, the trial court sentenced Davis to 60 months of community control, 300 hours of community work service and notified him that violating the terms and conductions could result in greater sanctions and/or a prison term of 3 years.  ECF Doc. 9-1 at 22.  Also on March 19, 2014, Davis pleaded guilty to the drug possession charge in CR 14-581884-A.  The trial court sentenced him to a concurrent period of 60 months of community control and 300 hours of community work service, and notified him that any violation could result in stricter sanctions or a prison term of 12 months, consecutive to the 3 years for an aggregate prison term of 4 years.  ECF Doc. 9-1 at 23.

Davis did not appeal these convictions or sentences.

### 2.    Cases 14-588899 and 14-589009

On September 8, 2014, in case number, CR 14-588899, a Cuyahoga County grand jury returned an indictment charging Davis with two counts of felonious assault in violation of Ohio Rev. Code. § 2903.11(A)(1), and two counts of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(3).  ECF Doc. 9-1 at 25-26.  On September 26, 2014, in case number, CR 14-589009, a grand jury returned an indictment charging Davis with one count of breaking and

entering in violation of Ohio Rev. Code § 2911.13(B), one count of theft in violation of Ohio Rev. Code § 2913.02(A)(1), one count of vandalism in violation of Ohio Rev. Code § 2909.05(B)(1)(b), one count of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(1), one count of assault in violation of Ohio Rev. Code § 2903.13(A), and one count of obstructing official business in violation of Ohio Rev. Code. § 2921.31(A).  ECF Doc. 9-1 at 27-28.  The court found that Davis had violated the terms of his probation.  ECF Doc. 9-1 at 30.

Davis filed a demand for discovery and a bill of particulars.  ECF Doc. 9-1 at 32.  The State of Ohio filed a bill of particulars on September 18, 2014.  ECF Doc. 9-1 at 37.  Over the next year, Davis filed or received 11 continuances, many related to discovery and/or pending psychiatric evaluations.  ECF Doc. 9-1 at 42-54.  The trial court ordered a competency evaluation, but because Davis refused or was unable to cooperate, the doctor was unable to render an opinion.  The trial court ordered that Davis undergo an in-patient evaluation.  Doc. 9-1 at 55.

While these cases were pending, Davis, who was represented by counsel, filed two *pro se* motions to dismiss for various reasons, including alleged speedy trial violations.  He also requested that a federal investigator investigate the alleged violation of his rights by police.  ECF Doc. 9-1 at 59-72.

On August 21, 2015, the state moved to join the indictments filed in CR 14-588899 and CR 14-589009.  ECF Doc. 9-1 at 73.  On October 23, 2015, Davis pleaded guilty to one count of a lesser included offense of misdemeanor theft in CR 14-588899 (ECF Doc. 9-1 at 77) and to breaking and entering, and felonious assault in CR 14-589009.  All remaining charges were dismissed.  ECF Doc. 9-1 at 78.  On November 18, 2015, Davis filed a pro se motion to

4

withdraw his guilty plea, claiming that his attorney failed to subpoena witnesses.  ECF Doc. 9-1 at 79-84.

On November 18, 2015, the trial court found that Davis had violated his community control in his three older cases.  The court terminated community control and sentenced Davis to serve a 10-month prison term in prison in CR 11-548754-A (ECF Doc. 9-1 at 86), a 36-month term in CR 13-578238-A (ECF Doc. 9-1 at 87) and a 12 term month in CR 14-581884-A.  The prison terms were to be served concurrently with each other but consecutively to the sentences from the two new cases.  ECF Doc. 9-1 at 88.  The court then sentenced Davis to a 6-month prison term, "sentence served," in CR 15-588899-A.  ECF Doc. 9-1 at 89.  In CR 14-589009-A, the court sentenced Davis to a 4-year term for felonious assault and a concurrent 12-month term for breaking and entering.  Davis's aggregate prison sentence was 7 years.  ECF Doc. 9-1 at 90.

### B.      Untimely Direct Appeal

On December 22, 2015, Davis filed a *pro se* notice of appeal in the Ohio Court of Appeals. ECF Doc. 9-1 at 91.  On February 4, 2016, the Ohio Court of Appeals dismissed the case for failure to file a timely notice of appeal under Ohio App. R. 4(A).  ECF Doc. 9-1 at 100.

On March 21, 2016, Davis filed a *pro se* notice of appeal in the Ohio Supreme Court, case number 2016-0425.  ECF Doc. 9-1 at 101.  Davis raised the following propositions of law in his memorandum in support of jurisdiction:

> I.      App. Proc. 9(B).  The appellant at the time of filing filed in writing with notice the record of a transcript of all evidence relevant to the findings or conclusion of law would be required.  Where appellants filed a timely notice of appeal and a praecipe requesting the Clerk to assemble, prepare and transmit the record, the judgment thereon, and upon notice to correct the omissions, the appellate court improperly declined to rule on the motions for relief and the trial court's ruling thereon.  403 N.E.2d 991.  ECF Doc. 9-1 at 107.

II.    Art. Section10 note 34; Fair Trial; Due Process; Equal Protection, were violated when the court allowed a hearing when by the procedure instructions the hearing was conducted after the ten day waiting period. ECF Doc. 9-1 at 106.

On June 15, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4).  ECF Doc. 9-1 at 110.  *State v. Davis,* No. 2016-0435, 2016-Ohio-3390, 2016 Ohio LEXIS 1573.

### C.    Post-Conviction Motions

On June 19, 2017, Davis filed a *pro se* "Sentence Contrary to Law" alleging the Norfolk Railroad Company is liable for false imprisonment due to the actions of its police officers who, by falsely arresting him, caused his community control to be violated.  Davis sought vacation of his imprisonment and monetary damages.  ECF Doc. 9-1 at 111.

On April 16, 2018, Davis filed a "Motion Requesting Clarification of Sentence" seeking clarification as to which sentence he was presently serving.  ECF Doc. 9-1 at 114.  The State of Ohio filed a response and conceded that the trial court's plea and sentencing entries in CR 13-578238 incorrectly stated that Davis was convicted of robbery, a fifth degree felony.  However, the State suggested that this error could be corrected by a *nunc pro tunc* entry to correctly identify the robbery as a third degree felony.  ECF Doc. 9-1 at 139-141.

On July 24, 2018, Davis filed a "Civil Rule 44(A)(B) 2943.04 Plea Form" requesting a definite statement of the  record of his plea.  ECF Doc. 9-1 at 231.  The State of Ohio responded by providing a calculation of Davis's sentences and jail time credit and reporting that his prison term would end on August 27, 2019.  ECF Doc. 9-1 at 234-235.  On July 24, 2018, Davis also requested a stay of his sentences.  ECF Doc. 9-1 at 236.  On August 2, 2018, the trial court

denied Davis's motion to stay sentence and his Civil Rule 44 motion.  ECF Doc. 9-1 at 258.

Davis did not appeal the trial court's order.

On March 12, 2019, Davis filed a demand that the court produce a signed form in which

he pleaded guilty.  ECF Doc. 9-1 at 260.

### D.    Delayed Direct Appeal

On October 17, 2018, Davis filed a *pro se* motion for leave to file a delayed appeal (ECF

Doc. 9-1 at 271) and a notice of appeal.  ECF Doc. 9-1 at 264.  Davis filed two notices of appeal

(ECF Doc. 9-1 at 279), but the Ohio Court of Appeals dismissed one of the cases as being

duplicative.  ECF Doc. 9-1 at 286.  On October 25, 2018, the Ohio Court of Appeals denied

Davis's motion for delayed appeal and dismissed his appeal.  ECF Doc. 9-1 at 287.  Davis did

not appeal to the Ohio Supreme Court.

### E.    State Habeas Corpus

On June 19, 2017, Davis filed a *pro se* petition for writ of habeas corpus in the Ohio

Supreme Court, Case No. 2017-0845.  ECF Doc. 9-1 at 288.  On September 13, 2017, the Ohio

Supreme Court dismissed the petition.  ECF Doc. 9-1 at 329.  *Davis v. Scott,* No. 2017-0845,

2017-Ohio-8842, 2017 Ohio LEXIS 2516 (Dec. 6, 2017).

### F.    Federal Civil Case

On August 29, 2016, Davis filed a civil case against several Cleveland police officers and

Norfolk Southern Railroad police officers in the United States District Court for the Northern

District of Ohio.  (*Davis v. Kirk,* Case No. 1:16-cv-2174).  Davis asserted a § 1983 action against

Defendant Kenneth Kirk and the other officers.  The district court initially dismissed Davis's

case pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1944) finding that, if successful, Davis's

claims would have called into question the validity of his convictions for breaking and entering

7

and assault.  On January 30, 2018, the Sixth Circuit Court of Appeals vacated the dismissal of

Davis's excessive force claim against Defendant Kenneth Kirk and remanded this claim to the

district court for further proceedings.  *Davis v. Cleveland Police Officers,* 2018 U.S. App. LEXIS

2269 (6th Cir. 2018).

On September 18, 2019, the district court granted summary judgment in favor of

Defendant Kenneth Kirk.  Davis did not appeal the trial court's judgment.  (See *Davis v. Kirk,*

Case No. 1:16-cv-2174).

## III.   Federal Habeas Corpus Petition

On June 25, 2019, Davis placed his *pro se* petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254 in the prison mailing system.  ECF Doc. 1 at 14.  Davis asserts three grounds

for relief.

> **GROUND ONE:**  Evidence obtained due to prosecutor knowingly using perjured
> testimony, that petitioner caused officer serious physical harm by pulling officer
> over a 16 ft, 25-30 ft train embankment, when the petitioner was the true victim of
> blunt force trauma, resulting in blood on the brain, cruel and unusual punishment
> confined for 14 ½ months for false filing police reports withheld.

> **Supporting facts:**  See. Related case pending in this Federal Court.  Evidence
> was obtained in civil suit: case number 1:16-cv-02174.  Petitioner has not been
> provided with all discovery motions in this case from attorney of record, whom
> withdrew from case.  Norfolk officer submitted a false police report of 15:00 hr,
> felonious assault.  Alleged officer had an accident at location: Broadway Ave. &
> Whitehead Ave., it was accidental at 15:42 p.m.  Plaintiff was assaulted by
> officers sustaining blood on the brain, due to blunt force trauma to the head.
> Petitioner was unlawfully accused of felonious assault on officer, James Kirk #
> 1807, of Norfolk Southern Police Department on 8/27, 2014.  RMS#2014-269630
> Police Report.  (Field Narrative Hand Report.)  Plaintiff was accused of being
> insane at the time of the act, when petitioner never caused officer any harm
> whatsoever.  Officer was bleeding on the left-side of his head when petitioner first
> seen officer, on 8/27, 2014.  Officer James Kirk #1807 abandoned location of
> Broadway Ave and Whitehead Ave., prior to the EMS (Emergency Medical
> Service) EMT's arriving at the location of Broadway Ave., and Whitehead Ave.
> Officer James Kirk's deposition is before the honorable court, filed with all
> alleged defendants of civil case #.  ECF Doc. 1 at 5.

**GROUND TWO:**  Right to speedy trial of the Sixth Amendment.  Denied notice of the charges under the Sixth Amendment right to compulsory process; confrontation of adverse witnesses; informed of the nature of the charges; ineffective assistance of counsel.

**Supporting facts:**  1)  Right to speedy trial in Case No. CR 14-588899, notice of the charges from the municipal court of the initial charges.  No lawful notice of a breaking and entering, criminal complaint or indictment:  CR 14-588899.  2) Denied the rights to alibi witnesses of the Emergency Medical Service EMT's, whom were present at the scene of the incident on 8/27/2014.  3)  Denied right to notice of the name of the alleged victim, whom claimed to have had a concussion at the time of the incident, namely, Officer James Kirk, on the day of the August 27, 2014 incident, per, Police Field Report Narrative: RMS: 2014-269630.  4) Denied effective assistance of counsel, failure to properly investigate the case as required by professional code of standards.  ECF Doc. 1 at 6.

**GROUND THREE:**  Denied 5th and 6th Amendment right to due process, failure to hold competency hearing, prior to and thereafter, of unlawful consent into mental health hospital.

**Supporting facts:**  Petitioner was accused of being insane at the time of the act, when at the time of false police report of 3:00 p.m. by Norfolk Southern Police officer, claimed petitioner committed felonious assault against his partner, James Kirk, when at time: 3:41-3:42, 911 call proved that James Kirk had an accident at location of Broadway Ave. and White, which was accidental.  When at 3:43, unknown 911 caller, called dispatcher and claimed petitioner pushed officer over train embankment, with no call back number – sex of caller unknown.  Petitioner is the victim of blunt force trauma to head by officers.  14th Amendment.  ECF Doc. 1 at 7.

Warden Gray filed a motion to dismiss Davis's petition, claiming it is time-barred under

28 U.S.C. § 2244(d)(1).  ECF Doc. 9.

On January 29, 2020, Davis filed a *pro se* motion in this case asserting that additional evidence, including his medical records, obtained in discovery through his federal civil case (*Davis v. Cleveland Police Officers,* 1:16-cv-2174) should be considered by this court.  ECF Doc. 15.  However, this court is not permitted to consider the evidence developed in a federal civil case.  A petitioner who did not take or seek the opportunity to develop evidence in his state trial, direct appeal and post-conviction proceedings will be deemed to have failed to develop the

factual basis of the claim.  28 U.S.C. § 2254(e)(2).  Such a situation precludes the habeas court from considering new facts presented for the first time in federal habeas proceedings or granting an evidentiary hearing to consider the new facts.  28 U.S.C. § 2254(e)(2) is designed to restrict the development of facts in federal habeas proceedings that were not known or considered by a state court.  Because he did not develop those facts in state court, we cannot do what Davis asks: that is, to consider additional facts from his federal civil case when deciding his habeas petition.  Further, because summary judgment was granted against Davis in the civil case, the facts developed in that action are unlikely to advance his habeas claims.  And finally, because Davis's habeas petition is untimely and his claims have been procedurally defaulted, as further explained below, the facts related to the underlying merits of his claims are not relevant to the disposition of his habeas petition.[3]  For all of these reasons, the undersigned issued an order on April 16, 2020 denying Davis's motion seeking to "resolve claims" raised in his earlier-dismissed civil case.  ECF Doc. 17.

## IV.    Law and Analysis

### A.    Statute of Limitations

As amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[4]  28 U.S.C. § 2244(d)(1) provides that a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] None of the Ohio courts made any findings of facts because Davis pleaded guilty and filed an untimely appeal.  For this reason, the underlying facts of Davis's claims were not developed by the state court and cannot be restated herein.  Because his federal habeas petition is untimely and procedurally defaulted, it is not necessary for the Court to consider the facts leading to Davis's indictments in Cases 14-588899 and 13-589009.

[4] Pub. L. No. 104-132, -110 Stat. 1214.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Subsection (A) is regarded as the principal statute of limitations for pursuit of habeas petitions under AEDPA. Subsections (B), (C) and (D) assign later statute of limitations commencement dates under the specified conditions.

Davis does not argue that subsections (B), (C) or (D) apply to his petition, and it is plain that the statute of limitations in 28 U.S.C. § 2244(d)(1)(A) controls. Under subsection (A), cases become final at the conclusion of direct review when the United States Supreme Court denies a petition for writ of certiorari or time to file a certiorari petition expires. *Lawrence v. Florida,* 549 U.S. 327, 333 (2007), citing *Clay v. United States,* 537 U.S. 527-528, n.3 (2003).

**1.      Commencement of Limitation Period**

In his two most recent criminal cases, Davis pleaded guilty to one count of misdemeanor theft, a lesser included offense of the original charge, in CR 14-588899 and to one count each of breaking and entering and felonious assault in CR 14-589009. The remaining charges were dismissed. On November 18, 2015, the court found that Davis had violated his community control in his three older cases; terminated community control; and sentenced Davis to serve a 10-month prison term in CR 11-549754 (ECF Doc. 9-1 at 86), a 36-month term in CR 13-578238-A (ECF Doc. 9-1 at 87) and a 12 month term in CR 14-581884-A – to be served concurrently with each other but consecutively to the sentences imposed in the two new cases,

CR 14-588899 and CR 14-589009.  ECF Doc. 9-1 at 88.  The trial court sentenced Davis to a six-month prison term with credit for time served in CR 14-588899-A (ECF Doc. 9-1 at 89), a 4-year term for felonious assault, and a 12-month concurrent term for breaking and entering. Davis's aggregate sentence was seven years.  ECF Doc. 9-1 at 90.

In Ohio, a convicted person has 30 days after the judgment of conviction to appeal to the Ohio Court of Appeals.  Ohio App. R. 4(A).  When a petitioner does not seek review within that thirty day time period, the conviction becomes final at the end of the period and the statute of limitation begins to run the next day.[5]

Here, the trial court sentenced Davis on November 18, 2015.  Thus, Davis had until Friday, December 18, 2015 to appeal his convictions and sentences to the Ohio Court of Appeals.  Because he did not do so, the AEDPA statute of limitations began to run the next business day and would have expired on Sunday, December 18, 2016.  However, because that day was a Sunday, the statute of limitations expired on Monday, December 19, 2016 unless it was tolled either by statute or equitably.

### 2. Statutory Tolling

28 U.S.C. § 2244(d)(2) "provides for statutory tolling of the limitations period during the pendency of properly filed motions for state post-conviction relief, or other collateral review." See *Artuz v. Bennett,* 531 U.S. 4, 8-9 (2000).  "The [statutory] tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."  *Vroman v. Brigano*, 346 F.3d 598, 602 (quoting *Rashid v. Khulmann*,

---

[5] Similarly, if Davis had filed a timely appeal with the Ohio Court of Appeals, he would have had 45 days to file an appeal with the Ohio Supreme Court following the Ohio Court of Appeals' decision.  See Ohio Supreme Court Practice Rule 7.01(A)(1)(a).  When a petitioner does not seek review within the 45 day period, the trial court judgment becomes final at the end of that period.  Thus, the statute of limitation begins to run the next day.  See Fed. R. Civ. P. 6(a)(1).

991 F. Supp. 254, 259 (S.D.N.Y. 1998)).  Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.  *Keeling v. Warden, Lebanon Correctional Inst.,* 673 F.3d 452, 460 (6th Cir. 2012).

In *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), the United States Supreme Court explained that an application for post-conviction relief in state court is "properly filed" within the meaning of Section 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.  The Sixth Circuit has held that an Ohio prisoner's post-conviction relief application which was dismissed as untimely is not considered "properly filed" and therefore does not toll the limitations period.  *Vroman,* 346 F.3d at 603.

As stated above, absent statutory tolling, the statute of limitations expired on December 18, 2016.  Warden Gray argues that no tolling events occurred.  Alternatively, he argues that, even if Davis's untimely direct appeal and his subsequent appeal to the Ohio Supreme Court had tolled the statute of limitation period, Davis's petition would still be untimely.  Davis's appeal deadline was December 18, 2015.  He filed an untimely notice of appeal on December 22, 2015, which was dismissed *sua sponte*, by the Ohio Court of Appeals because it was untimely.  If the time had tolled from December 22, 2015 to June 15, 2016, when the Ohio Supreme Court declined jurisdiction over the court of appeals' dismissal of Davis's appeal, his deadline for filing a federal habeas petition would have expired in June 2017.  Davis did not file his petition until two years later, in June 2019.  ECF Doc. 9-1 at 14.

Though not argued by Warden Gray, the court notes that Davis's federal civil lawsuit did not toll the time period for filing his habeas petition.[6]  That case, No. 1:16-cv-2174, asserted separate claims against police officers but mounted no challenge to his convictions.  Even if Davis's federal civil case had attempted to collaterally attack the criminal convictions, he still would have been unsuccessful; civil claims against police officers cannot be used to collaterally attack the underlying criminal-case judgments.  Thus, they did not toll AEDPA's statute of limitations.  *See Williams v. Brigano,* 2000 U.S. App. LEXIS 33223 at *4-6 (6th Cir. 2000) (holding that "[a]ttempts to seek relief through avenues that are not available do not meet that requirement."  The separate civil lawsuit was not an application for post-conviction relief recognized as such under governing state procedures; citing *Adeline v. Stinson,* 206 F.3d 249, 252 (2d Cir. 2000)).  Davis's federal lawsuit against police officers did not toll his AEDPA statute of limitations, and no other statutory tolling events occurred between June 16, 2016 and June 16, 2017.[7]  As argued by Warden Gray, even if Davis's untimely direct appeal had tolled the time period for filing his habeas petition, Davis still filed his petition more than two years after the AEDPA statute of limitations expired.  Davis's petition was untimely and, unless the limitations period was tolled for equitable reasons, his petition must be dismissed as barred by the AEDPA statute of limitations.

---

[6] Davis refers to his civil lawsuit in his motion filed on January 29, 2020.  ECF Doc. 15.  His motion requests that this Court reconsider the civil claims he asserted in *Davis v. Cleveland Police Officers,* No. 1:16-cv-2174.  Although it is difficult to discern his precise arguments, he may also be arguing that his civil case tolled his AEDPA statue of limitation.  See ECF Doc. 15 at 3.  This argument is not supported by the law.  Nor do the cases cited in Davis's motion support equitable tolling in this case.

[7] Davis's later filings could not revive an already-expired limitations period.  *See Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003); *Searcy v. Carter,* 246 F.3d 515 (6th Cir. 2001).

### 3.    Equitable Tolling

AEDPA's statute of limitation may also be tolled on equitable grounds in certain circumstances.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "Equitable tolling allows courts to review time-barred habeas petitions provided that a litigant's failure to meet the legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452 (6th Cir. 2012) (internal quotation marks omitted).  A habeas petitioner is required to prove he is entitled to equitable tolling.  *See, e.g., McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).  To do so, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 560 U.S. at 649; *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011).  If the court finds the petitioner has not met either of those requirements, then equitable tolling cannot save an otherwise time-barred habeas claim.

Davis has not argued for equitable tolling.  But even if he had, the record demonstrates that he did not diligently pursue his rights.  Davis's direct appeal was untimely and dismissed by the Ohio Court of appeals on that basis.  His other filings were sporadic and unexhausted.  For example, he filed some post-conviction motions, but when the trial court denied them in August 2018, Davis took no further action.  Similarly, when the Ohio Court of Appeals denied his motion for delayed appeal in October 2018, he did not appeal to the Ohio Supreme Court.  Davis's sporadic and unexhausted filings do not support an argument that he diligently pursued his rights.

Davis would also be required to point to extraordinary circumstances that prevented the timely filing of his habeas petition.  Pointing to his *pro se* status and his unawareness of the law

15

would not be enough.  *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  Davis has not argued for the application of equitable tolling to save his petition.  And he has not identified any extraordinary circumstance that prevented its timely filing.  We have no choice but to conclude that this is not a case in which equitable tolling may be applied to permit the review of Davis's habeas claims.

### 4.      Actual Innocence

Finally, a sufficient claim of actual innocence can overcome a statute of limitations bar in a habeas case to prevent a fundamental miscarriage of justice.  *McQuiggin v. Perkins*, 569 U. S. 383 (2013).  The Supreme Court noted, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id*. at 386 (citing *Schlup v Delo*, 513 U.S. 298, 329 (1995)).  This fundamental miscarriage of justice "standard is 'demanding' and seldom met."  *Id.*  And the standard "applies to a severely confined category: cases in which *new evidence* shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  *Id*. at 395 (emphasis added; citing *Schlup*).  The Court concluded by noting: "We stress once again that the *Schlup* standard is demanding.  The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  *Id*. at 401.  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  *Schlup*, 513 U.S. at 324.

Davis has not submitted any new evidence to establish an actual innocence claim.  In fact, none of his three grounds for relief directly claims that he was innocent.  Ground One asserts that the prosecutor knowingly used perjured testimony, but Davis pleaded guilty; no evidence was submitted because no trial took place.  Ground Two contends that Davis was denied a right to a speedy trial and to effective assistance of counsel.  And Ground Three argues that Davis was denied his Fifth and Sixth Amendment rights to due process.  Because Davis has not produced any new evidence showing that he is actually innocent, this is not a case in which the statute of limitations should be tolled.  His petition was filed too late and is barred by AEDPA's statute of limitation.  I recommend that his petition be dismissed on that basis.

## B.  Procedural Default

In order to completely address the issues presented, I will also address the other ground for dismissal raised by Warden Gray - procedural default.  "Before [a federal court may] reach the merits of a habeas petition, . . . [it must] review whether the petitioner has satisfied the [two] procedural requirements for litigating his federal claim in state court."  *Gerth v. Warden, Allen Oakwood Corr. Inst.*, 938 F.3d 821, 826 (6th Cir. 2019) (citing *Bickham v. Winn*, 888 F.3d 248, 250-51 (6th Cir. 2018), and *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000)).  "First, the petitioner must [have] exhaust[ed] all available opportunities to pursue his claim in state court before he may litigate that claim in federal court."  *Id.* (noting that this requirement, rooted in the principles of comity and federalism, seeks to "avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to correct a constitutional violation" (internal quotations and alterations omitted)); 28 U.S.C. § 2254(b)(1)(A).  The petitioner must have given the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate

review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

"Second, and relatedly, the procedural default doctrine bars [federal habeas] review if the petitioner has not followed the state's procedural requirements for presenting his claim in state court." *Gerth*, 938 F.3d at 827. A federal court usually may not review a state prisoner's habeas claim if (1) the prisoner broke a state procedural rule, (2) the state court enforced the rule, and (3) the procedural forfeiture was an adequate and independent ground for denying relief. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Davis's claims were procedurally defaulted because his direct appeal to the Ohio Court of Appeals was untimely and the Ohio Court of Appeals enforced its procedural requirement by dismissing Davis's appeal. ECF Doc. 9-1 at 100. In dismissing Davis's untimely appeal, the Ohio Court of Appeals enforced its procedural requirement that a notice of appeal be filed within thirty (30) days. Ohio App. R. 4(A). The time period for filing an appeal is an adequate and independent state procedural rule, and the Ohio Court of Appeals enforced the rule. *See Stone v. Moore*, 644 F.3d 342, 346 (6th Cir. 2011); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Davis's claims were procedurally defaulted because he failed to comply with Ohio's time period for filing a direct appeal. Davis's claims have been procedurally defaulted because he has no remaining opportunities to bring such claims in the Ohio courts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) ("[When] state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time

of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Davis also filed some post-conviction motions in the trial court, but the claims he raised were not the same as the claims asserted in his federal habeas petition.  To exhaust these issues, Davis was required to present the very issues on which he seeks relief from the federal courts to the state courts.  *Picard v. Connor*, 404 U.S. 270, 275-76, 30 L. Ed. 2d 438, 92 S. Ct. 509 (1971); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  *Gray v. Netherland*, 518 U.S. 152, 162-63, 135 L. Ed. 2d 457, 116 S. Ct. 2074 (1996) (citing *Picard,* 404 U.S. at 271).  "'The substance of a federal habeas corpus claim must first be presented to the state courts.'"  *Gray*, 518 U.S. at 163 (quoting *Picard,* 404 U.S. at 278).  A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief."  *Gray*, 518 U.S. at 163.  Moreover, the issues raised in his post-conviction motions were denied by the trial court and Davis did not appeal.  Thus, he did not exhaust all available opportunities to pursue these claims in state court and state court remedies are no longer available.  Davis's claims were all procedurally defaulted and must be dismissed unless he can show cause and prejudice to excuse his failure to exhaust them in state court.

### 1.  Exceptions to Procedural Default

Procedural default may be excused on two bases.  First, the petitioner's procedural default may be excused if he shows cause and prejudice, *i.e.* that: (1) something external to the defense, which cannot be fairly attributed to him, prevented him from complying with the state procedural rule; and (2) actual prejudice resulted from the alleged constitutional violation.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  In assessing prejudice, the court assumes that

the petitioner has stated a meritorious constitutional claim and proceeds to discern whether a

different verdict would have resulted absent the assumed constitutional error.  *Moore v. Carlton*,

74 F.3d 689, 691-92 (6th Cir. 1996); *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003); *see*

*also United States v. Frady*, 456 U.S. 152, 170-72 (1982).

Second, a procedural default may be excused if denying review of the petitioner's claims

would result in a "fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.  "A

fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'"

*Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478,

496 (1986)).  Actual innocence means "factual innocence, not mere legal insufficiency," *Bousley*

*v. United States*, 523 U.S. 614, 623 (1998), and must be supported with "new reliable evidence . .

. that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### a.  Cause for Procedural Default

For cause, Davis argues that the court should excuse his untimely filing because: 1) he

was assaulted and suffered blood on the brain; 2) because he is not an attorney; and 3) because

he was deprived of due process when the prosecutor indicted him twice for the events that

occurred on August 27, 2014.  ECF Doc. 12 at 4.  His petition states that he was "denied access

to file appeal."  ECF Doc. 1 at 6.  One of the problems with Davis's "cause" arguments is that

they were all waived when he pleaded guilty.  "Generally, a voluntary and unconditional guilty

plea 'bars any subsequent non-jurisdictional attack on the conviction.'"  *United States v. Corp*,

668 F.3d 379, 384 (6th Cir.2012) (internal quotations omitted).  This is so because, normally:

> [A] guilty plea represents a break in the chain of events which has preceded it in
> the criminal process.  When a criminal defendant has solemnly admitted in open
> court that he is in fact guilty of the offense with which he is charged, he may not

thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).  "Thus, after the entry of an unconditional plea, a defendant may only attack the court's jurisdiction and the voluntary and intelligent character of the plea itself.[8]"  *Werth v. Bell,* 692 F.3d 486 (6th Cir. 2012).

Another problem with his "cause" arguments is that he did not raise them in state court. When Davis moved to file a delayed appeal in state court, he stated completely different reasons for his failure to file a timely appeal of right.  ECF Doc. 9-1 at 275.  Similarly, when he moved to withdraw his guilty plea, he did not raise any of the arguments he now asserts as cause for his procedural default.  ECF Doc. 9-1 at 79-84.  Thus, the state courts did not have an opportunity to consider the reasons Davis now states for failing to file a timely appeal.  It was *that* untimely filing that procedurally defaulted his claims – not his failure to file his habeas petition within AEDPA's statute of limitation.

Further, the fact that Davis only now raises these "causes" for failing to comply with Ohio's procedural rules, calls into question their veracity.  In other words, if Davis was prevented from filing a timely appeal because he had blood on the brain, why didn't he raise this issue in his motion for delayed appeal or in his motion to withdraw his guilty plea?  And, because he never raised these issues in state court, his "cause" arguments are also procedurally defaulted.  *See Edwards v. Carpenter,*  529 U.S. 446 (2000) (procedurally defaulted claim of

---

[8] Also, guilty pleas may not prevent a defendant's ability to challenge whether the government has the power to "constitutionally prosecute" him.  *Class v. United States,* 138 S. Ct. 798, 200 L. Ed. 2d 37 (2018).  However, this exception is not applicable to the claims raised in Davis's petition.

ineffective assistance of appellate counsel cannot serve as the "cause" component of "cause and prejudice" to excuse a procedural default.)

The fact that Davis is not an attorney is not a valid reason to excuse procedural default. Davis was only entitled to an attorney through his first appeal.  *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *Ross v. Moffit,* 417 U.S. 600 (1974); *Wainwright v. Torna,* 455 U.S. 586 (1982)(when there is no constitutional right to counsel there can be no deprivation of effective counsel).  And, his own ignorance of the law does not excuse procedural default.  *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004) (petitioner's ignorance of the law and procedural requirements is not enough to constitute cause to excuse procedural default in habeas corpus petition under 28 U.S.C. § 2254).  Davis has not established cause sufficient to excuse the procedural default of his claims.  Because Davis has not established cause for his procedural default, this Court need not address whether he was actually prejudiced.  *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000).

### b.    Actual Innocence

A federal court may review a procedurally defaulted claim, even in the absence of a demonstration of cause and prejudice, to correct "a fundamental miscarriage of justice," as when the petitioner is actually innocent.  *Coleman v. Thompson,* 501 U.S. 722, 748, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (quoting *Engle v. Isaac,* 456 U.S. 107, 135, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982)).  It is well-established that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency."  *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) (citing *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).  For a petitioner to establish "actual innocence," that petitioner must present new evidence to the habeas court. *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. Ohio 2003).  This "new evidence

[will] not rise to the standard of establishing his actual innocence [if] a reasonable juror still could have found [petitioner] guilty [beyond a reasonable doubt] even after considering [the] new evidence." *Jells v. Mitchell,* 538 F.3d 478, 507 (6th Cir. 2008).  New evidence cannot excuse procedural default except when that evidence is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Sellers v. Ward,* 135 F.3d 1333, 1338 (10th Cir. 1998) (citing *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).  New evidence, consequently, can only excuse procedural default in "extraordinary" cases.  *Carter,* 443 F.3d at 538.

As already stated, Davis has not presented any new evidence to establish his actual innocence.  Davis's federal habeas claims relate to his right to confront witnesses, his right to a speedy trial, and his right to due process and a competency hearing.  Because Davis's claims are procedurally defaulted and because he has neither demonstrated cause and prejudice to excuse the default nor argued his actual innocence, I recommend that his claims be dismissed as procedurally defaulted.

Because all three of Davis's claims are barred by AEDPA's statute of limitation and/or were procedurally defaulted, I recommend that they be dismissed.

## V.    Recommendation Regarding Certificate of Appealability

### A.    Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  The statute further provides

23

that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'"  *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)); *accord Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000).  The statute requires that certificates of appealability specify which issues are appealable.  28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a).  In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

24

### B.  Analysis

Davis's claims are all barred by AEDPA's statute of limitations and were also procedurally defaulted.  Habeas relief is not available for the issues identified in his petition. This conclusion would not be debatable among jurists of reason, and I recommend that no certificate of appealability issue in this case.

## VI.    Recommendations

Because all of Davis's claims are barred by AEDPA's statute of limitations and were procedurally defaulted, I recommend that the Court DISMISS Davis's claims and DENY his petition for writ of habeas corpus under 28 U.S.C. § 2254.  I further recommend that he not be granted a certificate of appealability.

Dated: April 28, 2020

Thomas M. Parker
United States Magistrate Judge

_____

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).